The Honorable James L. Word State Representative 6503 Little Dove Drive Pine Bluff, Arkansas 71603-7945
Dear Representative Word:
I am writing in response to your request for an opinion concerning a district judgeship in Jefferson County. You have noted that an opinion issued by one of my predecessors, Op. Att'y Gen. 2000-032, addressed the question of whether the "Office of Pine Bluff Municipal Court Judge Second Division" was a full-time position, such that the judge was prohibited from engaging in the private practice of law. Although it is not stated in your request, my predecessor concluded that "the Judge of the Second Division of the Pine Bluff Municipal Court may engage in private practice." Id. at 4. You have asked: "Could you please confirm your position on that issue?"
RESPONSE
It must be first be noted that the former "Second Division of the Pine Bluff Municipal Court" (see A.C.A. 16-17-108(dddd)(2) (Supp. 1999))[1]
is now known as the "Jefferson County District Court." This is apparent from the legislative history of A.C.A. § 16-17-108, the comprehensive statute addressing salaries and other matters pertaining to the former municipal, now "district," courts.[2] See Acts *Page 2 2007, No. 737, § 1(a)(48) and Acts 2005, No. 2220, § 1(80). The other former municipal court in Pine Bluff — the "First Division Pine Bluff Municipal Court" — is now simply the "Pine Bluff District Court."Id. at subsections (47) and (79), respectively. See also A.C.A. § 16-17-913 (Supp. 2007) (effective until January 1, 2012)[3] and A.C.A. § 16-17-108(a)(48) and (79) (Supp. 2007).
With this clarification in mind, I assume you are asking whether my predecessor's conclusion that the Second Division Pine Bluff Municipal Court Judge may engage in the private practice of law applies to the current Jefferson County District Court Judge. In my opinion, the answer is "yes." The law in this regard has not changed, according to my review. While the judge of the "Pine Bluff District Court," see n. 3,supra, is plainly prohibited from engaging in the private practice of law, see A.C.A. § 16-17-108(a)(79) (Supp. 2007), [4] there is no such proscription with respect to the Jefferson County District Court Judge.
I note in this regard that the General Assembly is authorized, pursuant to Amendment 80, to "prohibit District Judges from practicing law." Ark. Const. *Page 3 
amend. 80, § 14. As noted, it has done so with respect to the Pine Bluff District Court. See also A.C.A. § 16-17-108(a)(88) (Supp. 2007) ("The Pulaski County District Court Judge shall not engage in the private practice of law[;]") and 16-17-108(97) (Supp. 2007) (authorizing the Sebastian County Quorum Court to "declare the position of Sebastian County District Court — Greenwood District Judge to be full time and prohibit the judge from the private practice of law beginning January 1, 2005.") A private practice proscription also applies to the "pilot state district court judgeships" established under A.C.A. § 16-17-1101 — 1106 (Supp. 2007). Subsection 16-17-1102 states in relevant part: `"Pilot state district court judge' means a full-time judge . . . [w]ho is notengaged in the private practice of law[.]" A.C.A. § 16-17-1102(2)(B) (Supp. 2007) (emphasis added).
According to my review, no similar prohibition applies to the Jefferson County District Court Judge.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL, Attorney General
[1] The election of an additional judge for the "Second Division of the Pine Bluff Municipal Court" was authorized pursuant toAct 1470 of 1999.
[2] Municipal courts were denominated "district courts" following the adoption of Amendment 80 to the Arkansas Constitution, which reorganized the Arkansas court system. Amendment 80 established "district courts" effective July, 2001, as part of the reorganized system. Ark. Const. amend. 80, § 7 (a). See also Acts 2001, No. 1693 (denominating municipal courts as district courts and municipal court judges as district judges).
[3] This statute provides:
 (a) Jefferson County shall have:
 (1) Two (2) district courts located in Pine Bluff; and
 (2) Two (2) district judges.
 (b)(1) The judge of the Pine Bluff District Court shall be elected by the qualified electors of the City of Pine Bluff.
 (2) The Pine Bluff District Court shall have jurisdiction only within the city limits of Pine Bluff, as now or in the future may be constituted.
 (c)(1) The judge of the Jefferson County District Court shall be elected countywide.
 (2) The Jefferson County District Court shall have countywide jurisdiction.
[4] Subsection 16-17-108(a)(79) states in relevant part:
 The Pine Bluff District Court Judge shall receive an annual salary of not less than eighty-five thousand dollars ($85,000) nor more than ninety-five thousand dollars ($95,000), as may be approved by the Jefferson County Quorum Court and the governing body of the City of Pine Bluff. The judge shall not engage in the private practice of law.
(Emphasis added.) *Page 1